IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Kayon L. Washington a/k/a Kayon Le'Quan Washington a/k/a Kayon Laquan Washington,<br>       Plaintiff,<br><br>vs.<br><br>Kayla Floyd; John Graham, Investigator, Florence Sheriff Dept.;<br>       Defendants. | C.A. No.: 4:10-cv-02779-RBH<br><br>**ORDER** |

      Plaintiff, a state inmate proceeding *pro se*, brought this suit pursuant to 42 U.S.C. § 1983. This matter is before the court for review of the Report and Recommendation of United States Magistrate Judge Kevin F. McDonald, made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02 for the District of South Carolina.

      The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

Neither party has filed objections to the Report and Recommendation.[1] In the absence of objections to the Report and Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310 (4th Cir. 2005) stating that "in the absence of a timely filed objection, a district court need not conduct *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" (quoting Fed. R. Civ. P. 72 advisory committee's note).

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. Therefore, it is

**ORDERED** that the above-captioned case is dismissed without prejudice and without issuance and service of process.

---

[1] The court notes that, after the Magistrate Judge entered his R & R, Plaintiff filed a notice of change of address. *See* Notice [Docket Entry 16]. In that Notice, Plaintiff stated that "[s]ince [he] can't obtain damages for Deflemation [sic] of Character or Slander [he] still would like to obtain damages for False Arrest." Notice at 2. This Notice was not labeled as an objection, nor did Plaintiff indicate therein that he objected to the Magistrate Judge's R & R. Even if the court were to construe this statement as an objection to the R & R, it appears that the objection would be untimely, as the earliest date indicated on Plaintiff's filing was December 8, 2010. *See Houston v. Lack*, 487 U.S. 266 (1988) (prison mailbox rule). However, Plaintiff's objections were due by December 6, 2010. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see also* Fed. R. Civ. P. 6(a), (d). Moreover, if construed as such, this objection would also be non-specific and conclusory. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (noting that the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations"); *see also Diamond*, 416 F.3d at 315. As this Order indicates, the court has reviewed the Magistrate Judge's R & R for clear error and finds none. *See Diamond*, 416 F.3d at 315.

**IT IS SO ORDERED.**

 s/R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
December 16, 2010